**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COREY L. HARRIS, SR., | ) | |
| | ) | Case No. 1:24-cv-00069 |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | District Judge Susan Paradise Baxter |
| | ) | Magistrate Judge Kezia O. L. Taylor |
| NICOLE SOLANE, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

For the following reasons, it is respectfully recommended that this case be dismissed with prejudice for Plaintiff's failure to prosecute insofar as Plaintiff has failed to comply with this Court's order to show cause, which expressly advised him that this case could be dismissed should he fail to pay the initial partial filing fee, or request an extension of time to do so, by December 20, 2024.

### II.    REPORT

#### A.    Procedural History

This is a *pro se* prisoner civil rights action that was initiated by Plaintiff on or about March 7, 2024. *See* ECF No. 1. Plaintiff was granted leave to proceed *in forma pauperis* and assessed an initial partial filing fee of $21.03 that he was directed to pay by November 25, 2024. *See* ECF No. 10. When Plaintiff failed to comply with the Court's order, the Court entered and Order to Show Cause warning Plaintiff that this case could be dismissed without further warning if he failed

to pay the initial partial filing fee, or request an extension of time to do so, by December 20, 2024.

*See* ECF No. 12.  As of today, Plaintiff has failed to comply with the Court's orders.[1]

### B. <u>Discussion</u>

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of

an action or a claim, and, under this Rule, "a district court has authority to dismiss an action *sua*

*sponte* if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, No. 15-

3090, 642 F. App'x 100, 102 (3d Cir. 2016) (*per curiam*) (citing Fed. R. Civ. P. 41(b)); *see also*

*Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d

Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule

41(b).").

The Third Circuit Court of Appeals has stated that "a district court dismissing a case *sua*

*sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts it

needs to make an informed decision.'" *Qadr*, 642 F. App'x 100 at 103 (quoting *Briscoe v. Klaus*,

538 F.3d 252, 258 (3d Cir. 2008)).  Before engaging in a *sua sponte* dismissal, "the district court

'should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the

case or comply with its orders.'" *Id*.  (quoting *Briscoe*, 538 F.3d at 258).

By the Court's order to show cause dated December 6, 2024, Plaintiff was provided with

the opportunity to pay the initial partial filing fee or request an extension of time to do so, but he

failed to do either.  Plaintiff has therefore been provided with sufficient opportunity.

---

[1] It appears that Plaintiff may no longer be housed at the Erie County Prison, his address of record, but he has failed to notify this Court of any change in his address.  *See Harris v. Shapiro*, 1:24-cv-00181 (W.D. Pa.) (November 6, 2024 staff note indicates that mail addressed to Plaintiff at the Erie County Prison dated September 27, 2024 was returned to sender).  The Court's Orders in this case dated October 25, 2024 and December 6, 2024, both of which were mailed to Plaintiff at the Erie County Prison, have not been returned to the Court, but an online records search through VINE revealed that Plaintiff is no longer in custody at the Erie County Prison.

1. **The *Poulis* Factors**

In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit

Court of Appeals set forth the following six factors to be weighed in considering whether dismissal

is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the
> adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was
> willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which
> entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim
> or defense.

*Id*. at 868 (emphasis omitted).  In balancing the *Poulis* factors, no single factor is dispositive, nor

do all factors need to be satisfied to result in dismissal of the complaint.  *Briscoe*, 538 F.3d at 263.

However, in determining whether a dismissal is warranted, the Court must analyze the factors in

light of the "strong policy favoring decisions on the merits." *Hildebrand v. Allegheny County*, 923

F.3d 128, 132 (3d Cir. 2019).  The Third Circuit has emphasized that "dismissals with prejudice

or defaults are drastic sanctions, termed 'extreme' by the Supreme Court," and that they "must be

a sanction of last, not first, resort."  *Poulis*, 747 F.2d at 867-68, 869 (citing *National Hockey

League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).  "Cases should be decided

on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand*,

923 F.3d at 132.

2. **Application of the *Poulis* Factors**

    a.  **The extent of the party's personal responsibility.**

"[I]n determining whether dismissal is appropriate, we look to whether the party bears

personal responsibility for the action or inaction which led to the dismissal."  *Adams v. Trs. of the

N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994).  In determining personal

responsibility for the delay, the Court must distinguish "between a party's responsibility for delay

and counsel's responsibility." *Hildebrand*, 923 F.3d at 133 (citing *Poulis*, 747 F.2d at 868). A plaintiff is not conjecturally responsible for her counsel's delay. *Id*. Any doubt as to personal responsibility should be resolved "'in favor of reaching a decision on the merits.'" *Id*. at 138 (quoting *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)).

Here, Plaintiff is proceeding *pro se*, so the responsibility for failing to comply with orders, including his obligation to pay an initial partial filing fee in compliance with 28 U.S.C. § 1915(b)(1), is his alone. Thus, this factor weighs in favor of dismissal.

### b. Prejudice to the adversary.

Prejudice to the adversary is a substantial factor in the *Poulis* analysis; but like any other factor, it is not dispositive. *Hildebrand*, 923 F.3d. at 134. "Relevant examples of prejudice include 'the irretrievable loss of evidence[] [and] the inevitable dimming of witnesses' memories.'" *Id*. (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). A party is not required "to show 'irremediable' harm for [this factor] to weigh in favor of dismissal." *Id.* (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). If the opposition is unable to prepare "a full and complete trial strategy" then there is sufficient prejudice to favor dismissal. *Id*. (citation omitted).

Defendants have not yet been served and therefore have not had to expend any resources to defend this case. However, depending upon when Plaintiff chooses to comply with the Court's orders, Defendants could suffer prejudice if the case were put on hold indefinitely. Thus, this factor is neutral.

### c. A history of dilatoriness.

A history of dilatoriness is generally established by repeated "delay or delinquency." *Adams*, 29 F.3d at 874. While once or twice is normally insufficient, this factor weighs in favor

of dismissal where the plaintiff has a history of repeated delay. *Hildebrand*, 923 F.3d at 135 (citation omitted). In addition to repeated acts, "extensive" delay can also create a history of dilatoriness. *Adams*, 29 F.3d at 874. A "failure to prosecute" does not require that plaintiff take affirmative "steps to delay the trial … It is quite sufficient if [he/she] does nothing .… " *Id*. at 875 (citation omitted).

"While extensive delay may weigh in favor of dismissal, 'a party's problematic acts must be evaluated in light of its behavior over the life of the case.'" *Hildebrand*, 923 F.3d at 135 (quoting *Adams*, 29 F.3d at 875). Thus, where a plaintiff has not been previously delinquent the weight given to even a long delay should be mitigated. *Id*.

While this case is still in its infancy, Plaintiff has failed to comply with two Court orders. Thus, this factor weighs marginally in favor of dismissal.

### d. <u>Whether the party's conduct was willful or in bad faith.</u>

In determining if plaintiff's conduct constituted willful or bad faith, the "court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as [a case history of] failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." *Id*. (citing *Scarborough*, 747 F.2d at 875 (citation omitted)). "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Although "[a] lengthy delay reflects 'inexcusable negligent behavior,' *id*. at 876, . . . that behavior alone does not rise to the level of willfulness or bad faith." *Hildebrand*, 923 F.3d at 135.

Finally, "[b]ecause the harsh sanction of dismissal should serve to deter bad faith or self-serving behavior, and because of our policy of favoring decisions on the merits, [in the absence of

evidence] that the delay was not effectuated willfully or in bad faith, [this factor] should weigh against dismissal." *Id*. at 136.

There is no indication on this record that Plaintiff's failure to comply with the Court's orders was the result of any excusable neglect. Therefore, this factor weighs marginally in favor of dismissal.

### e.   Effectiveness of sanctions other than dismissal.

A district court must thoroughly consider "alternative sanctions before dismissing a case with prejudice." *Id*. (citing *Briscoe*, 538 F.3d at 262). The court should also provide an analysis of effectiveness sufficient "to honor [the] longstanding tradition of favoring decisions on the merits." *Id*. In so doing, the court should be mindful that "[a]lternatives are particularly appropriate when the plaintiff has not personally contributed to the delinquency." *Poulis*, 747 F.2d at 866 (citations omitted). "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Hildebrand*, 923 F.3d at 136. They are not required to be "completely ameliorative." *Id*.

Plaintiff is proceeding *in forma pauperis* so it is unlikely that any sanction imposing costs or fees upon him would be effective. Therefore, the Court can see no alternative sanction that would be appropriate other than dismissal.

### f.   Meritoriousness of claim or defense.

"The standard for determining whether a plaintiff's claims are meritorious 'is moderate.'" *Adams*, 29 F.3d at 876. The standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not a summary judgment standard, is applicable in a *Poulis* analysis. *Id.* at 869-70.

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." (*Fowler [v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (citation omitted)]; *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117-18, (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

When considering *pro se* pleadings, a court must employ less stringent standards than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

Plaintiff's claims are not clearly set forth in his Complaint, but it appears that they may stem from injuries he sustained from officers' use of pepper spray at the Erie County Prison on February 14, 2024. The Court also assumes that Plaintiff is attempting to challenge his detention as unlawful since he uses the terms "false incarceration" throughout his Complaint and seeks to be released from custody. If this case were to proceed then the Court would order Plaintiff to file an amended complaint because his Complaint is deficient and does not comply with the minimal pleading requirements set forth in Rule 8 of the Federal Rule of Civil Procedure. As it stands,

however, Plaintiff's allegations, to the extent that they are discernable, fail to state a plausible

claim for relief.  Therefore, this factor also weighs in favor of dismissal, and, in sum, dismissal of

this case is warranted under the *Poulis* factors.

## II.    <u>CONCLUSION</u>

For the aforementioned reasons, it is respectfully recommended that this case be dismissed

with prejudice for Plaintiff's failure to prosecute insofar as Plaintiff has failed to comply with this

Court's order to show cause, which expressly advised him that this case could be dismissed should

he fail to pay the initial partial filing fee, or request an extension of time to do so, by December

20, 2024.

In accordance with the Federal Magistrate Judge's Act, 28 U.S.C. §636(b)(1)(B) and (C),

and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the

date of service of this Report and Recommendation to file written objections thereto.  Any party

opposing such objections shall have fourteen (14) days from the date of service of objections to

respond thereto.  Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  January 8, 2025

/s/ Kezia O. L. Taylor
Kezia O. L. Taylor
United States Magistrate Judge

Cc:    Corey L. Harris, Sr.
       2428
       Erie County Prison
       1618 Ash Street
       Erie, PA  16503